IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RHONDA L. WATSON                                                           PLAINTIFF

v.                                              CIVIL NO. 22-2122

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rhonda L. Watson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on March 29, 2017, alleging an inability to work since December 18, 2012, due to reflex sympathetic dystrophy, artificial disc replacement, degenerative disc disease, a herniated disc, a Tri malleolar ankle fracture, a dislocated ankle, anxiety, depression, depth perception problems, insomnia and emotional disturbance. (Tr. 105, 333). For DIB purposes, Plaintiff maintained insured status through December 31, 2018. (Tr. 148, 354). An administrative hearing was held on February 21, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 39-65).

In a written decision dated March 13, 2020, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with limitations. (Tr. 148-165). On

January 11, 2021, the Appeals Council vacated the ALJ's decision; and remanded Plaintiff's case back to the ALJ to issue a new decision. (Tr. 172-175). A supplemental telephonic hearing was held on July 20, 2021. (Tr. 66-89). After the hearing, the ALJ propounded interrogatories to Dr. Subramaniam I. Krishnamurthi, an impartial medical expert. (Tr. 2383-2392, 2473-2480, 2482-2484). A supplemental telephonic hearing was held on March 17, 2022, at which Plaintiff appeared with counsel; and Dr. Krishnamurthi appeared and testified. (Tr. 90-101).

By written decision dated May 27, 2022, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 8). Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: a disorder of the back (with history of surgery), obesity, and a major joint dysfunction of the hip. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 10). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can frequently operate foot controls on the right and only occasionally on the left; the claimant cannot climb ropes, ladders, or scaffolds, and must avoid unprotected heights and moving machinery; and the claimant can only occasionally climb stairs and ramps and can only occasionally balance, crawl, kneel, stoop, and/or crouch.

(Tr. 11). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform work as a document preparer, an addresser, and an order clerk. (Tr. 27, 511-514).

On July 27, 2022, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) Plaintiff's ankle impairments are severe; 2) The RFC is inconsistent with the evidence; and 3) The ALJ made improper Step Five findings. (ECF No. 13). Defendant argues the ALJ properly considered all of the evidence and the decision is supported by substantial evidence. (ECF No. 15).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2018. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether

Plaintiff was disabled during the relevant time period of December 18, 2012, her alleged onset date of disability, through December 31, 2018, the last date she was in insured status under Title II of the Act. In order for Plaintiff to qualify for DIB, she must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform sedentary work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a document preparer, an addresser, and an order clerk during the time period in question. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to

support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 21st day of August 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE